United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD MYERS,<br><br>Defendant. | Case No.: CR 98-40026-001 JSW (KAW)<br><br>ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING |

## I. BACKGROUND

On July 29, 1998, Richard Myers ("Defendant") was sentenced to 160 months in custody and 4 years of supervised release for Possession with Intent to Distribute Cocaine Base (crack cocaine) in violation of 21 U.S.C. § 841(a)(1), a Class B felony and Carrying a Firearm in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c), a Class D felony. Myers has been on supervised release since October 4, 2013.

On August 18, 2014, Myers' probation officer, Kevin Thomas, filed a petition alleging that Myers violated one condition of his supervised release, namely, the mandatory condition that he shall not commit another federal, state or local crime. In the petition, the probation officer specifically alleged that on June 4, 2014, Myers committed the criminal offense of Inflicting Corporal Injury on a Current or Former Spouse or Cohabitant, a felony, in violation of California Penal Code § 273.5(a).

According to the Oakland Police Department incident report, on June 3, 2014, the victim, Geeia Lynn Edwards met with Mr. Myers at his residence. At some point Ms. Edwards and Myers began to argue over questions of infidelity by Myers. Continuing into the early hours of June 4, 2014, Myers became upset over the arguing and hit and/or kicked Ms. Edwards on the face and head. OPD officers arrived at the scene at 3:43 a.m. and took Ms. Edward's statement. Myers had

left the scene before the officers arrived. Ms. Edwards suffered from lacerations to the top of her head, left cheekbone and cheek that required stitches.

On June 4, 2014, at about 9:00 p.m., OPD responded to a call that Myers was at the Alameda County Hospital receiving treatment for a stab wound to his rear right shoulder. Myers reported that he was stabbed by Ms. Edwards earlier that morning and that he punched and pushed Ms. Edwards to get away. Myers was arrested for Inflicting Corporal Injury on a current or former spouse or cohabitant. At the time of his arrest, Myers was on parole with the California Department of Corrections for a 2011 sexual battery, a felony violation of California Penal Code § 243.4. On June 6, 2014, the Alameda County District Attorney deferred prosecution of the new criminal conduct for the revocation of parole, for which Myers received 180 days in custody. According to the allegations in the Form 12, Myers is currently in custody at the Alameda County Jail, serving the 180 day parole revocation sentence.

On August 7, 2014, the court held a hearing on the Government's motion to detain Defendant pending his supervised release violation hearing. Defendant was present, in custody, and represented by Assistant Public Defendant Ned Smock. Special Assistant United States Attorney Amanda Beck appeared on behalf of the Government. Probation Officer Kevin Thomas was also present. For the reasons stated below, the court orders that Defendant be detained.

## II.  LEGAL ANALYSIS

Because Defendant is charged with a supervised release violation, Defendant bears the burden of establishing that he is not a flight risk or a danger to the community by clear and convincing evidence. FED. R. CRIM. P. 32.1(a)(6); 18 U.S.C. § 3143.

If there is probable cause to believe the defendant committed another state, federal or local crime while on supervised release, there is a presumption that there are no conditions or combination of conditions that the court can impose to mitigate the risk of flight or danger to the community. *See* 18 U.S.C. § 3148. Here, the information contained in the Form 12, also found in the OPD incident report, provide the court with probable cause to believe that Myers committed a crime of violence on Ms. Edwards by hitting and/or kicking her causing multiple lacerations requiring stitches. As a result, Myers' parole was revoked, and he was sentenced to 180 days in

jail. This is Myers' second domestic violence incident with Ms. Edwards, and it was previously a condition of his parole that he not contact her. As such, there is a presumption that no conditions or combination of conditions can be imposed to ensure that Myers will not be a danger to the community or another individual.

Myers requested the court to release him to a halfway house. As the Government and Probation noted at the hearing, however, Myers has already tried residing at a halfway house unsuccessfully. In fact, he was convicted of felony sexual battery for sexually assaulting a female employee at the halfway house in which he resided in 2011. He was on parole for the sexual battery conviction at the time of the instant offense. As such, there is no indication that placing him back in the halfway house will ensure that he will comply with the conditions of his supervised release or that he will not be a danger to others. In addition to the fact that he was also on supervised release when the new offense allegedly occurred, his criminal history includes prior violent and drug related convictions and arrests dating back to when he was a juvenile. The current violation for yet another violent crime suggests a very disturbing pattern on his part.

In light of the above, and having considered the proffers by the parties and the probation officer, and the arguments of counsel, the court finds that Myers has failed to rebut the presumption that he is an unmitigable danger to the community.

Therefore, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: September 10, 2014

KANDIS A. WESTMORE
United States Magistrate Judge